UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**PRIORITY SEND**

### CIVIL MINUTES -- GENERAL

Case No.  **CV 05-7244-JFW (SHx)**               Date: November 23, 2005

Title:  COLIN FARRELL -v- NICOLE NARAIN, et al.

---

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

Shannon Reilly                                None Present
Courtroom Deputy                              Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**         **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                           None

PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR REMAND; REQUEST FOR ATTORNEYS' FEES IN THE AMOUNT OF $6,650, AGAINST DEFENDANTS PAUL NASH AND INTERNET COMMERCE GROUP, INC., AND THEIR COUNSEL OF RECORD HEREIN, JOINTLY AND SEVERALLY [filed 11/4/05; Docket No. 9];

ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT;

ORDER DENYING DEFENDANTS PAUL NASH AND INTERNET COMMERCE GROUP, INC.'S MOTION TO DISMISS AS MOOT [filed 10/24/05; Docket No. 6];

ORDER DENYING DEFENDANT NICOLE NARAIN'S MOTION TO DISMISS AS MOOT [filed 11/23/05]



ENTERED
CLERK, U S DISTRICT COURT
NOV 28 2005
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

On November 4, 2005, Plaintiff Colin Farrell ("Plaintiff") filed a Motion for Remand; Request for Attorneys' Fees in the Amount of $6,650, Against Defendants Paul Nash and Internet Commerce Group, Inc., and their Counsel of Record Herein, Jointly and Severally. On November 18, 2005, Defendants Paul Nash and Internet Commerce Group, Inc. ("ICG") filed their Opposition. On November 21, 2005, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for November 28, 2005 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

THIS CONSTITUTES NOTICE OF ENTRY        Page 1 of 5        Initials of Deputy Clerk  sr
AS REQUIRED BY FRCP, RULE 77(d).

Pursuant to Local Rule 7-9, Defendants Nash and ICG were required to file and serve their Opposition to Plaintiff's Motion to Remand "not later than fourteen (14) days before the date designated for the hearing of the motion," or November 14, 2005. See Local Rule 7-9. Local Rule 7-12 provides that "[t]he failure to file any required paper, *or the failure to file it within the deadline*, may be deemed consent to the granting . . . of the motion." Local Rule 7-12 (emphasis added). Because Defendants Nash and ICG did not file their Opposition until four days after it was due, pursuant to Local Rule 7-12, the Court could deem Defendants Nash and ICG's failure to file a timely Opposition or to otherwise comply with Local Rule 7-9 as consent to the granting of Plaintiff's Motion. Notwithstanding Defendants Nash and ICG's failure to comply with Local Rule 7-9, the Court has considered Defendants Nash and ICG's Opposition in reaching its decision on Plaintiff's Motion.

On July 18, 2005, Plaintiff filed a Complaint against Defendants Nicole Narain, David Hans Schmidt and Paul Nash in Los Angeles County Superior Court alleging the following five claims for relief: (1) Breach of oral contract against Defendant Narain; (2) Invasion of privacy against all Defendants; (3) Violation of common law right of publicity against all Defendants; (4) Violation of Civil Code § 3344 against all Defendants; and (5) Unfair competition and unfair business practices against all Defendants. On August 3, 2005, Defendant Nicole Narain filed a Notice of Removal ("Original Notice of Removal").[1] In the Original Notice of Removal, Defendant Narain claimed that this Court had subject matter jurisdiction over this action on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2).[2] See Original Notice of Removal at ¶ 4. On August 9, 2005, this Court issued an Order remanding this action to Los Angeles County Superior Court on the grounds that the "no local defendant" rule set forth in 28 U.S.C. § 1441(b) precluded the removal of this action to this Court.[3]

On September 23, 2005, Plaintiff filed a First Amended Complaint ("FAC") in state court in which he added Defendant ICG as a party, and alleged the following seven claims for relief: (1) Breach of oral contract against Defendant Narain; (2) Invasion of privacy by public disclosure of private facts against all Defendants; (3) Common law misappropriation of right of publicity against all Defendants; (4) Common law misappropriation of right of publicity against Defendants Nash and ICG; (5) Violation of Civil Code § 3344 against all Defendants; (6) Violation of Civil Code § 3344 against Defendants Nash and ICG; and (7) Unfair competition and unfair business practices against all Defendants.

---

[1] Both Defendant Schmidt and Defendant Nash filed a Notice of Consent to Removal.

[2] Apparently in an attempt to invoke federal question jurisdiction, in her Original Notice of Removal Defendant Narain claimed that "[t]he facts of this case also give rise to claims under federal copyright law." Notice of Removal at ¶ 7. In its Order remanding the action to state court, the Court found that Plaintiff had failed to establish that this Court had federal question jurisdiction over this action. See August 8, 2005 Order at 1 n.2.

[3] On August 9, 2005, Plaintiff filed a Notice of Non-Opposition to Order Remanding the Action to Los Angeles Superior Court indicating that he would not waive the procedural defect and that he objected to the matter remaining in federal court.

On October 5, 2005, Defendants Nash and ICG filed a Notice of Removal ("Second Notice of Removal").[4] In the Second Notice of Removal, Defendants Nash and ICG claim that this Court has subject matter jurisdiction over this action on the grounds that Plaintiff's Sixth Claim for Relief in his FAC is preempted by the Copyright Act, "thus creating original and exclusive jurisdiction in this Court pursuant to 28 U.S.C. § 1338(a) over that claim, and supplemental jurisdiction over any/all non-federal claims pursuant to 28 U.S.C. § 1367(a)." Second Notice of Removal at 1. Plaintiff filed the present Motion to Remand on the grounds that none of his claims are preempted by the Copyright Act, and this Court therefore lacks subject matter jurisdiction over this action.

This Court has original federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded' complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393 (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 12 (1983)) (emphasis in original). However, a federal statute, such as the Copyright Act, may so completely preempt state law that it occupies the entire field. *See, e.g., Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1123 (N.D. Cal. 2001). "Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987). Because Plaintiff has alleged only state law claims in his FAC, this Court has federal question jurisdiction over this action only if the Copyright Act completely preempts at least one of those state law claims.

"Preemption analysis involves determining whether the state law claim contains an element not shared by the federal law; an element which changes the nature of the action so that it is *qualitatively* different from a copyright infringement claim." *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys.*, 7 F.3d 1434, 1439 (9th Cir. 1993) (internal quotations omitted). "For preemption to occur under the federal Copyright Act, two conditions must be satisfied. First, the content of the protected right must fall within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103. Second, the right asserted under state law must be equivalent to the exclusive rights contained in section 106 of the Copyright Act." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003 (9th Cir. 2001). With respect to the second prong of the analysis, "the court should engage in a fact-specific inquiry into the actual allegations underlying the claims at issue in the case, so as to determine whether the 'gravamen' of the state law claim asserted is the same as the rights protected by the Copyright Act." *Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1190 (C.D. Cal. 2001).

---

[4] Defendant Narain filed a Notice of Consent to Removal of the State Court Action in LASC Case no. BC 336690 to Federal Court on November 2, 2005. Defendant Schmidt did not join in the Second Notice of Removal.

In his Sixth Claim for Relief, Plaintiff alleges that Defendants Nash and ICG "have knowingly misappropriated Plaintiff's name and likeness for commercial purposes, including the posting of Plaintiff's name and likeness on their website, www.malecelebrities.com, including the 'sex scenes' from Plaintiff's movies, as well as their involvement in the sending of thousands, if not millions, of 'spam' e-mails to third parties to lure them to their websites and to increase the number of paid subscriptions thereto" in violation of California Civil Code Section 3344. FAC at ¶ 59-60. Defendants Nash and ICG argue that the foregoing allegation "seeks to impose state law liability upon Defendants Nash and ICG for copying parts of copyrighted works on the internet. To the extent that the Sixth Cause of Action is based upon allegations that Defendants have copied, sold, distributed, and/or displayed any part of any copyrighted works, the claim is <u>indistinguishable</u> from a cause of action for federal copyright infringement, and it is thus completely preempted by 17 U.S.C. § 301." Opposition at 6 (emphasis in original).

There is no dispute that scenes from Plaintiff's movies fall within the subject matter protected by copyright. However, contrary to Defendants Nash and ICG's assertion, the "gravamen" of Plaintiff's Sixth Claim for Relief is not the copying of copyrighted works, but rather the use of Plaintiff's likeness or "persona" pictured in the copyrighted movie clips. "A person's name or likeness is not a work of authorship within the meaning of 17 U.S.C. § 102. This is true notwithstanding the fact that [Plaintiff's likeness is] embodied in a copyrightable [movie clip]." *Downing*, 265 F.3d at 1004. "Because the subject matter of [Plaintiff's] statutory and common law right of publicity claims is [his] likeness, which [is] not copyrightable, the claims are not equivalent to the exclusive rights contained in § 106." *Id.* Accordingly, the Court finds that Plaintiff's Sixth Claim for Relief is not preempted by the Copyright Act. *See id.* at 1003-04.

In their Opposition, Defendants Nash and ICG argue that in the event the Court finds that Plaintiff's Sixth Claim for Relief is not preempted by the Copyright Act, removal is still proper on the grounds that at least one of Plaintiff's remaining six claims for relief is preempted.[5] However, Defendant Schmidt did not join in the Second Notice of Removal.[6] To the extent Defendant Schmidt's failure to join does not preclude removal of this action altogether, it certainly precludes removal based on those claims which Plaintiff has alleged against Defendant Schmidt. *See, e.g., Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986); *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999). As a result, Defendants Nash and ICG cannot base their removal on Plaintiff's Second, Third, Fifth, or Seventh Claims for Relief. Plaintiff's Fourth Claim for Relief for common law misappropriation of right of publicity against Defendants Nash and ICG is not preempted by the Copyright Act for the same reasons that Plaintiff's Sixth Claim for Relief is not preempted. *See* discussion *supra*.

---

[5] Although they did not include any argument with respect to the preemption of Plaintiff's remaining claims in their Opposition to Plaintiff's Motion, Defendants Nash and ICG refer the Court to their Motion to Dismiss filed on October 24, 2005 which addresses their arguments that Plaintiff's Second, Third, Fourth, Fifth, Sixth and Seventh Claims for Relief are preempted by the Copyright Act. Defendants Nash and ICG's Motion to Dismiss does not specifically address Plaintiff's First Claim for Relief, as that claim has not been alleged against them.

[6] Plaintiff has expressly objected to this procedural defect. *See* Reply at 3.

For all of the foregoing reasons, Plaintiff's Motion for Remand is **GRANTED**. This action is hereby **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.

Plaintiff's Request for Attorneys' Fees in the Amount of $6,650, Against Defendants Paul Nash and Internet Commerce Group, Inc., and their Counsel of Record Herein, Jointly and Severally is **DENIED**.

In light of the Court's Order remanding this action to Los Angeles County Superior Court, Defendants Paul Nash and Internet Commerce Group, Inc.'s Motion to Dismiss is **DENIED as moot**. Defendant Nicole Narain's Motion to Dismiss is also **DENIED as moot**.

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.